**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA,**

vs.                                                    Case No. 4:08cr23-MW/CAS

**MALCOM JAY,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

On January 2, 2014, a petition was filed requesting Defendant's term of supervision be revoked based on his arrest by state officials on December 28, 2013. ECF No. 81. It appears that a warrant for Defendant's arrest has been entered, but not executed. *Id.*

Defendant is aware of the petition and he has filed a pro se motion requesting that he "be immediately transported and brought before" this court for the revocation proceeding. ECF No. 98. Defendant acknowledges that he is currently serving a 15-year sentence in the Florida Department of Corrections. *Id.* Defendant has also filed a notice of inquiry concerning his motion. ECF No. 100.

Because the ruling on the motion is clear, this recommendation is made without directing a response to the motion by the Government.

> Federal Rule of Criminal Procedure 32.1(a)(1) provides, that "[a] person held *in custody* for violating ... supervised release must be taken without unnecessary delay before a magistrate judge." See 32.1(a)(1) (emphasis added). Rule 32.1(b)(1)(A) provides, in relevant part, that "[i]f a person is in custody for violating a condition of ... supervised release, a magistrate judge must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred." See Fed.R.Crim.P. 32.1(b)(1)(A) (emphasis added). "If the judge finds probable cause, the judge must conduct a revocation hearing." See Fed.R.Crim.P. 32.1(b)(1)(C). The revocation hearing must be conducted "within a reasonable time" in the district court having jurisdiction. See Fed.R.Crim.P. 32.1(b)(2).

United States v. Cunningham, 150 F. App'x 994, 995-96 (11th Cir. 2005) (holding that "Rule 32.1 is triggered only when the defendant is taken into federal custody for violations of supervised release, not by issuance of a warrant for the defendant's arrest.").

A Defendant who is still serving a state sentence for state crimes is in state custody, not federal custody. United States v. Swenson, 250 F. App'x 838, 839-40 (10th Cir. 2007). An entitlement to a hearing "without unnecessary delay before a magistrate judge" under Rule 32.1(a) requires

a Defendant to currently be in federal custody. Swenson, 250 F. App'x at 840; *see also* United States v. Rolack, No. CRIM. 05-44 ADM/AJB, 2015 WL 1954361, at *1 (D. Minn. Apr. 29, 2015). "Rule 32.1 exists to protect the probationer from undue federal incarceration and to protect the probationer's ability to defend the violation allegations." United States v. Pardue, 363 F.3d 695, 698 (8th Cir. 2004) (citing United States v. Sackinger, 704 F.2d 29, 30 (2d Cir. 1983) (affirming and agreeing with the analysis in United States v. Sackinger, 537 F.Supp. 1245, 1247-49 (S.D.N.Y.1982)). Because Defendant is not in federal custody, Rule 32.1 has not been triggered and Defendant is not "entitled to be transferred to federal custody for initiation of a supervised release violation hearing." Cunningham, 150 F. App'x at 996; *see also* Jauregui v. United States, No. 4:14cv665-MW/CAS, 2015 WL 248411, at *5 (N.D. Fla. Jan. 20, 2015). Defendant's motion for writ of habeas corpus ad prosequendum, ECF No. 98, should be denied.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's pro se motion for writ of habeas corpus ad prosequendum, ECF No. 98, should be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on November 6, 2017.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**